**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn**

Civil Case No. 04-cv-00781-REB-KLM

(Consolidated with Civil Action No. 06-cv-02189)

SHRINERS HOSPITALS FOR CHILDREN, a Colorado corporation,

   Plaintiff,

v.

QWEST COMMUNICATIONS INTERNATIONAL INC., a Delaware corporation having its principal office and place of business in Denver, Colorado, et al.

   Defendants.

---

**ORDER CONCERNING DEFENDANTS' MOTIONS TO DISMISS**

---

**Blackburn, J**

This matter is before me on the **Motion of Qwest Communications International Inc. and Qwest Capital Funding To Dismiss Claims Filed in** *Shriners Hospitals for Children v. Arthur Andersen & Company,* **et al.** [#117], filed January 16, 2007. The plaintiff filed a response [#126], and the defendants filed a reply [#129]. Recently, the defendants filed a memorandum of supplemental citations [#139] discussing recent opinions of the United States Courts of Appeals for the Second and Ninth Circuits on the tolling issue that is at the heart of Qwest's motion. I grant the motion in part and deny it in part.

**I. JURISDICTION**

The motion to dismiss concern claims asserted by plaintiff Shriners Hospitals for Children (SHC) in Case No. 06-cv-02189. Case No. 06-cv-02189 has been

consolidated with Case No. 04-cv-00781-REB-KLM.  SHC alleges a claim under § 10(b) of the Securities Exchange Act of 1934 (the 1934 Act).  I have jurisdiction over this claim under 15 U.S.C. § 78aa, and 28 U.S.C. § 1331.  The plaintiff asserts claims also under Colorado law.  I have supplemental jurisdiction over the state law claims under 28 U.S.C. § 1367.

## II.  BACKGROUND

SHC's complaint in 04-cv-00781 concerns alleged securities fraud and related claims pertaining to the securities of defendant Qwest Communications International, Inc.  The claims in 04-cv-00781 are based on two specific transactions undertaken by Qwest.  I will refer to 04-cv-00781 as *Shriners I*. I note that *Shriners I* was filed during the pendency of **In re Qwest Communications International, Inc. Securities Litigation**, Case No. 01-cv-01451 (**In re Qwest** ).  At that time **In re Qwest** was a proposed class action case concerning allegations of securities fraud by Qwest and other defendants.  In September, 2006, I certified a settlement class in **In re Qwest**, and approved a class settlement between the plaintiff class and all but two of the defendants.  SHC was a member of the plaintiff class in **In re Qwest**, but SHC opted out of the **In re Qwest** class action during the opt out period.

On October 31, 2006, shortly after I approved the settlement in **In re Qwest**, SHC filed a new case concerning allegations of securities fraud at Qwest, Case No. 06-cv-002189.  I will refer to 06-cv-002189 as *Shriners II.*  I note that *Shriners II* also concerns allegations of securities fraud at Qwest, but the complaint includes additional defendants, factual allegations not at issue in *Shriners I*, and claims not at issue in *Shriners I*.  As noted above, *Shriners II* has been consolidated with *Shriners I*.

2

In their motion to dismiss, defendants Qwest Communications and Qwest Capital Funding, Inc., seek dismissal of all of the claims asserted in *Shriners II*. SHC has stipulated to the dismissal of Qwest Capital Funding, without prejudice. Qwest's primary argument for dismissal is that the applicable statutes of limitations have expired as to all claims in *Shriners II*. This issue concerns the question of whether or not the applicable statutes of limitation were tolled during the pendency of the ***In re Qwest*** class action. Qwest argues also that, even if the statutes of limitation were tolled, the tolling applies only to claims asserted in ***In re Qwest***, and not to other claims. Qwest Capital Funding argues that it was not a defendant in ***In re Qwest***, that any tolling based on the pendency of ***In re Qwest*** does not apply to Qwest Capital Funding, and that the claims against Qwest Capital Funding are time barred. Finally, Qwest argues that SHC's allegations are insufficient to state claims for relief for common law fraud, negligent misrepresentation, and breach of fiduciary duty. I address these issues in turn.

### III. **APPLICABILITY OF *AMERICAN PIPE* TOLLING**

Qwest argues that the statutes of limitation applicable to the claims in *Shriners II* began to run in early 2002. This is correct. The claims asserted in *Shriners II* are subject to statutes of limitation of two or three years, depending on the claim. The complaint in *Shriners II* was filed in October, 2006. Absent a tolling of the applicable periods of limitation, the claims in *Shriners II* are time barred.

SHC argues that the periods of limitation applicable to its claims were tolled during the pendency of the ***In re Qwest*** class action. SHC relies on the tolling doctrine established in ***American Pipe and Construction Co. v. Utah***, 414 U.S. 538 (1974). In

3

*American Pipe*, a putative class action was filed, but class certification was denied eventually. An individual plaintiff then sought to intervene, pursuing identical claims, but after the statute of limitations had expired. The Supreme Court concluded that the statute of limitation on the individual plaintiff's claims had been tolled while the putative class action was pending. "(T)he filing of a timely class action complaint commences the action for all members of the class as subsequently determined." *American Pipe*, 414 U.S. at 550. "(T)he commencement of a class action suspends the applicable statute of limitations as to all asserted members of the class who would have been parties had the suit been permitted to continue as a class action." *Id*. at 554. In a subsequent case, the Court held later that "(o)nce the statute of limitations has been tolled, it remains tolled for all members of the putative class until class certification is denied. At that point, class members may choose to file their own suits or to intervene as plaintiffs in the pending action." *Crown, Cork & Seal Co. v. Parker*, 462 U.S. 345, 350 (1983).

In an earlier order in *Shriners I*, I noted that SHC had expressed a desire to amend its complaint to add additional claims. Although no motion to amend the complaint was pending, I discussed the applicability of *American Pipe* tolling to this case. *Order Concerning Defendants' Motions to Dismiss* [#78], filed September 23, 2005. Adopting the reasoning outlined in *In re WorldCom, Inc. Securities Litigation*, 294 F.Supp.2d 431 (S.D.N.Y. 2003), I concluded that a plaintiff who is a member of a putative class and who files an action independent of the class before the class is certified, or class certification is denied, cannot benefit from *American Pipe* tolling. SHC apparently did not seek to amend its complaint in *Shriners I* based on that portion

4

of my order.

The district court's decision in *In re WorldCom* was reversed recently by the United States Court of Appeals for the Second Circuit. The Second Circuit noted that the "theoretical basis on which *American Pipe* rests is the notion that class members are treated as parties to the class action 'until and unless they received notice thereof and chose not to continue.'" *In re WorldCom Securities Litigation*, ___ F.3d ___, ___, 2007 WL 2127874, *9 (2nd Cir. 2007) (quoting *American Pipe*, 414 U.S. at 551). The *WorldCom* court discussed *American Pipe* and subsequent cases in which the Supreme Court addressed tolling when a proposed class action is pending:

> Nothing in the Supreme Court decisions described above suggests that the rule should be otherwise for a plaintiff who files an individual action before [class] certification is resolved. To the contrary, the Supreme Court has repeatedly stated that the commencement of a class action suspends the applicable statute of limitations as to all asserted members of the class who would have been parties had the suit been permitted to continue as a class action.

*Id*. (quotation and citations omitted).

The opposing view of this issue, which holds that *American Pipe* tolling does not apply when a plaintiff files a separate suit before a decision has been made on class certification, has been adopted by several district courts and by the Sixth Circuit. *Wyser-Pratte Management Co., Inc. v. Telxon Corp.*, 413 F.3d 553, 568 - 569 (6th Cir. 2005). The basic rationale for this position is that the "purposes of *American Pipe* tolling are not furthered when plaintiffs file independent actions before decision on the issue of class certification, but are when plaintiffs delay until the certification issue has been decided." *Id*. at 569.

Having reviewed this issue again, and in light of the Second Circuit's recent

5

opinion in *In re WorldCom Securities Litigation*, I conclude that *American Pipe* tolling is applicable to SHC, even though SHC filed *Shriners I* while the issue of class certification still was pending in *In re Qwest*. The Supreme Court's repeated statement that the filing of a class action "suspends the applicable statute of limitations as to all asserted members of the class" should be taken at face value. Further, it is important to note that the filing of a separate lawsuit by a putative class member does not automatically cause that putative class member to be removed from the putative class. In this case, SHC was not treated as having opted out of the *In re Qwest* class when SHC filed a separate suit. Rather, SHC was treated as having oped out of the putative class in *In re Qwest* only when SHC formally opted out of the plaintiff class in *In re Qwest*. Application of *American Pipe* tolling to a plaintiff who chooses to file a separate suit while the issue of class certification is unresolved does not fundamentally undermine the primary purposes of the *American Pipe* tolling doctrine. Therefore, the rule as stated by the Supreme Court should be applied as stated.

However, It must be noted that there is a significant limitation on *American Pipe* tolling. The filing of a putative class action complaint tolls the period of limitations only for claims that are identical to the claims asserted in the putative class action complaint. *Johnson v. Railway Express Agency*, 421 U.S. 454, 467 n.14 (1975). The "tolling rule of *American Pipe* . . . should not be read . . . as leaving a Plaintiff free to raise different or peripheral claims following denial of class status." *Crown, Cork & Seal Co. v. Parker*, 462 U.S. 345, 354 (1983) (Powell, J, concurring). "It is important to make certain . . . that *American Pipe* is not abused by the assertion of claims that differ from those raised in the original class suit." *Id*. at 355.

6

One important reason for this rule is that the defendant is put on notice of the nature of the claims against it when a class action is filed, and the defendant then can take measures to address and defend against those claims while they are relatively fresh. If **American Pipe** tolling is applied to all possible claims against the defendant, then depending on the relevant nucleus of operative facts, a defendant may be confronted with new claims,of which it was not previously notified, years after the relevant facts occurred. Such claims would be the "different or peripheral claims" that Justice Powell warned should not be included within the generous **American Pipe** tolling rule.

## IV. APPLICATION OF STATUTES OF LIMITATION TO PLAINTIFF'S CLAIMS

### A. State Law & § 10(b) Claims Against Qwest

To the extent SHC asserts claims in *Shriners II* that were asserted also in *In re Qwest*, the applicable periods of limitation were tolled until the plaintiff class in *In re Qwest* was certified in September, 2006. however, the **American Pipe** toll is not applicable to claims asserted in *Shriners II* that were not asserted in *In re Qwest*.

No claims under Colorado law were asserted in *In re Qwest*. The complaint in *Shriners II* includes claims against Qwest under Colorado law in counts three, four, five, and six. SHC does not dispute Qwest's assertion that three year periods of limitation are applicable to these state law claims. *Qwest's motion to dismiss* [#117], filed January 16, 2007, p. 6, n. 6. These claims accrued in 2002, and SHC did not file the complaint in *Shriners II* until October of 2006. Therefore, each of SHC's claims under Colorado law are time barred and must be dismissed.

SHC's claim against Qwest under § 10(b), Count One of the *Shriners II*

7

complaint, is subject to the **American Pipe** toll. A § 10(b) claim based on essentially the same alleged facts was asserted in *In re Qwest*. Qwest argues that SHC should not be permitted to assert its claims based on essentially the same alleged facts in two different complaints filed under two different case numbers. Considering the unusual procedural posture of these cases and the efficiencies that can be achieved with consolidation of the two cases, I conclude that this circumstance does not preclude SHC from pursuing the claims it asserts in *Shriners II.*

SHC argues that its complaint in *Shriners II* relates back to its complaint in *Shriners I*, and, thus, its new claims must be deemed to have been filed in March, 2004, when the *Shriners I* complaint was filed. I disagree. *Shriners II* is a newly filed case, and is not an amendment to the *Shriners I* complaint. Therefore, the relation back provision of FED. R. CIV. P. 15 is inapplicable.

### B.  Qwest Capital Funding

Qwest Capital Funding, Inc., was not named as a defendant in **In re Qwest**. **American Pipe** tolling does not apply to a defendant that was not named as a defendant in the class action on which the tolling is based. For the purpose of applying the **American Pipe** toll, a party who is not named as a defendant in the class action cannot be seen as having been notified of the claims against it in the class action. Therefore, it would be improper to apply the toll to such a defendant.

Again, SHC's state law claims are subject to a three year period of limitation. SHC's § 10(b) claim is subject to a two year period of limitation. 28 U.S.C. § 1658. Any claims SHC may have had against Qwest Capital Funding, Inc., accrued in 2002, and SHC did not file the complaint in *Shriners II* until October of 2006. Thus, SHC's claims

8

against Qwest Capital Funding, Inc., are time barred and must be dismissed.

## IV.  CONCLUSION & ORDERS

Applying the *American Pipe* toll to claims that were asserted in *In re Qwest*, SHC's claim under § 10(b), as asserted in *Shriners II*, is not time barred.  However, the *American Pipe* toll is not applicable to SHC's state law claims against Qwest, as asserted in counts three, four, five, and six of the *Shriners II* complaint, and these claims are time barred.  Further, all of SHC's claims against Qwest Capital Funding, Inc., are time barred.  Qwest argues also that SHC's state law claims must be dismissed for failure to state a claim on which relief can be granted.  Because those claims have been dismissed because they are time barred, I will not address Qwest's arguments that these claims are pled inadequately.

**THEREFORE, IT IS ORDERED** as follows:

1. That the **Motion of Qwest Communications International Inc. and Qwest Capital Funding To Dismiss Claims Filed in *Shriners Hospitals for Children v. Arthur Andersen & Company,* et al.** [#117], filed January 16, 2007, is **GRANTED** as to the claims asserted against Qwest Communications International, Inc., in counts three, four, five, and six of the complaint [#1] in *Shriners II*, Case No. 06-cv-02189-REB-KLM;

2.  That accordingly, the claims asserted against Qwest Communications International, Inc., in counts three, four, five, and six of the complaint [#1] in *Shriners II*, Case No. 06-cv-02189-REB-KLM, are **DISMISSED** as to Qwest Communications International, Inc.;

3. That the **Motion of Qwest Communications International Inc. and Qwest**

9

**Capital Funding To Dismiss Claims Filed in *Shriners Hospitals for Children v. Arthur Andersen & Company,* et al.** [#117], filed January 16, 2007, is **GRANTED** as to all claims asserted against Qwest Capital Funding, Inc., in the complaint [#1] in *Shriners II*, Case No. 06-cv-02189-REB-KLM;

4. That Qwest Capital Funding, Inc., is **DROPPED** as a party to this action, and the caption shall be amended accordingly;

5. That the **Motion of Qwest Communications International Inc. and Qwest Capital Funding To Dismiss Claims Filed in *Shriners Hospitals for Children v. Arthur Andersen & Company,* et al.** [#117], filed January 16, 2007, is **DENIED** otherwise.

Dated September 24, 2007, at Denver, Colorado.

                                                 **BY THE COURT:**

                                                 **s/ Robert E. Blackburn**
                                                 **Robert E. Blackburn**
                                                 **United States District Judge**